UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEBBIE E. DOOLEY,**

    Plaintiff,

                                          Case No. 07-CV-10286-DT

v.

                                          HONORABLE DENISE PAGE HOOD

**MICHIGAN STATE HOUSING**
**DEVELOPMENT AUTHORITY,**

    Defendant.

_____/

## ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND APPLICATION FOR APPOINTMENT OF COUNSEL
## AND
## ORDER OF SUMMARY DISMISSAL

Plaintiff Debbie E. Dooley filed an application to proceed *in forma pauperis*. A review of Plaintiff's application supports Plaintiff's claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendant because Defendant is entitled to Eleventh Amendment immunity from lawsuits.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on the defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma*

*pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The Court liberally construes Plaintiff's Complaint.  Plaintiff claims that the "new" owner of the flat, 2225-2227 Gladstone, sent her an eviction notice for 2227 Gladstone.  Plaintiff occupied 2227 Gladstone but the only address for the premises was 2225 Gladstone.  Plaintiff claims that Defendant's agent has assisted the "previous" owner of 2225-2227 Gladstone in fraudulently obtaining additional rent by stating that the "previous" owner did not have to report rent for 2227 Gladstone.  Plaintiff claims that a landlord must register the property in order to receive monies from the State and that the rent cannot exceed the rent charged for a comparable unit on the premises.  Plaintiff filed the Complaint against the Defendant Michigan State Housing Development Authority ("MSHDA") only.  Plaintiff did not name the Defendant's "agent" whom she claims assisted the "previous" owner in receiving fraudulent rents.

The sovereign immunity doctrine under the Eleventh Amendment prevents a federal court from ordering a state to pay damages to compensate for past injuries.  *Edelman v. Jordan,* 415 U.S. 651 (1974).  A suit against a state agency is a suit against the state for purposes of the Eleventh

Amendment. *See Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981). MSHDA is an agency of the State of Michigan. As an agency of the State of Michigan, MSHDA cannot be sued. Defendant MSHDA must be dismissed.

Accordingly,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Docket No. 2, January 18, 2007) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Application for Appointment of Counsel (Docket No. 3, filed January 18, 2007) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Complaint and Amended Complaint are DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that an Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-611.

      */s/ DENISE PAGE HOOD*
      DENISE PAGE HOOD
      United States District Judge

DATED: January 31, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2007, by electronic and/or ordinary mail.

      S/William F. Lewis
      Case Manager